REBECCA FELLOWS *vs.* JAMES DUNCAN & Trustees.

An order of a city council, upon laying out a street, that a certain sum be paid, as damages, to a party over whose land the street was laid out, does not constitute a debt due from the city, and therefore does not make the city liable as trustees of such party, under the Rev. Sts. *c.* 109, which regulate the trustee process.

THIS was an action of debt on a judgment recovered against the principal defendant; and the city of Lowell were summoned as his trustees. The city treasurer put in the following answer, on oath :

" The city of Lowell, at the time of the service of the writ upon them, had no property of the principal defendant intrusted or deposited with them, and were not indebted to him, except as follows : The city council, on the third day of August last, by virtue of their powers under the act incorporating said city, and in pursuance of their own by-laws, laid out a certain street or town way, called Locke Street, and, in so doing, did appropriate to the public use a certain lot of land, or part thereof, across which said street was laid out, and which was supposed to belong to the principal defendant. And the council, on the same day, did award and order, that the sum of three hundred and twenty dollars and thirty one cents should be paid to him for land taken for said street : That since the laying out of said street and said award for land taken, it has been ascertained that said lot of land was held by Elizabeth Cummings, in the year 1838, and said Elizabeth, since that time, married the principal defendant, and is now his wife, and said principal defendant has no title or interest in said lot, except in the right of his wife : That said award of damages (as the respondent is informed and believes) was made under a mistake of fact, and under the

belief that said principal defendant was the owner in fee simple of said lot of land, and that said Elizabeth claims that the amount of said award is payable to herself, and is not liable to be attached or holden upon this process."

The court of common pleas charged the trustees on their answer, and they appealed to this court.

*S. Ames,* for the trustees. 1. Damages assessed for roads are not within the provisions of the Rev. Sts. *c.* 109, which regulate the trustee process. Such damages are not "credits," within the meaning of § 4. Credit is correlative to debt, and a debt arises only upon some contract, express or implied. The words, "goods, effects or credits intrusted to or deposited," are descriptive of a contract, and of nothing else. *Rundlet v. Jordan,* 3 Greenl. 47. *Maine Fire & Marine Ins. Co.* v. *Weeks,* 7 Mass. 438. *Lupton* v. *Cutter,* 8 Pick. 298. *Picquet* v. *Swan,* 4 Mason, 443. An action would not lie against the city to recover the damages awarded for taking the land in question for a public street. *Gedney* v. *Inhabitants of Tewksbury,* 3 Mass. 307. *Harrington* v. *County Commissioners of Berkshire,* 22 Pick. 263.

2. The debt, if it be a debt, was contingent; that is, the process was served while the parties had a right of appeal. It was not *debitum in præsenti.* If damages had been obtained from a jury, the debt would have been by verdict and record, and not subject to the trustee process.

3. The award, so called, was only an offer; and until it was accepted, the sum was not due. Besides, it was made on a mistake of fact, as to the owner of the land; and it should be altered, in order to do justice.

*J. G. Abbott,* for the plaintiff. 1. These damages belong to the defendant; and where there is a right, the law will provide a remedy, viz. by action, if payment is refused. If so, then the trustee process applies. The Rev. Sts. *c.* 24, § 68, provide that damages sustained by the laying out of any town way, "shall be paid by the town;" but no form of recovery is prescribed. An action of debt may therefore be maintained. In *Gedney* v. *Inhabitants of Tewksbury,* 3 Mass

307, the statute then in force (*St.* 1786, *c.* 67, § 6) prescribed a warrant of distress ; and for that reason it was held that debt would not lie.

2. Judgment was not rendered against the trustees, by the court below, until after the right of appeal from the award of the city council was gone by lapse of time. But if an appeal had been taken, a jury would not have had a right to assess less than the city council had awarded. No authority is given to a jury by the Rev. Sts. *c.* 24, to reduce the damages awarded by town or city officers. The plaintiff is therefore entitled to recover of the trustees the amount awarded by the city council.

3. There is no sufficient evidence that there has been a mistake as to the defendant's owning the land. The city treasurer, who has made the answer, cannot know the reasons of the vote of the city council. See Rev. Sts. *c.* 24, §§ 11, 12.

*Ames*, in reply. The jurors' oath, prescribed by Rev. Sts. *c.* 24, § 22, is, that they will " make a just and true appraisement of the damages sustained by the complainant." This shows that they can reduce as well as increase damages.

The case of *Harrington* v. *County Commissioners of Berkshire*, 22 Pick. 263, shows that, since the revised statutes, no action lies for damages in a case like this.

SHAW, C. J. The court are of opinion that the city of Lowell are not liable upon their answer as trustees. The city council had adopted a resolution, laying out a public way, and embracing, among other things, a resolution that a certain sum should be awarded and paid to Duncan for land taken. But no order had been delivered to the treasurer to pay the money. It was not a debt due, on which an action of debt would lie against the city. Something further remained to be done. Should the party, to whom damages are awarded, be required to apply for a *mandamus*, or other process, requiring the proper officers of the city to draw an order or take any other step for the payment of his damages, it would be open for them to show that the money was not due to Duncan, but to

other parties. This is the more important, since they say, in their answer, that they have now discovered that the whole of the money is not payable to Duncan. But the ground of discharge is, that at the time of the service of the writ there was no debt due from the city to Duncan, the principal defendant. *Trustees discharged.*